IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | NO. 09-4742 |
| v. | : | |
| | : | |
| PIL HYUN YU and YONG HYUN YU, | : | |
| Administrators of the Estate of Si Tae | : | |
| Yu; JUNG HEE YU; JOONG HYUN | : | |
| YU; COMMERCE BANK, National | : | |
| Association; and T.D. BANKNORTH, | : | |
| National Association | : | |

O'NEILL, J.                                                                                                  February 14, 2012

## MEMORANDUM

Now before me is an unopposed motion for summary judgment filed by plaintiff United States of America. For the reasons that follow, I will grant the motion for summary judgment.

## BACKGROUND

A delegate of the Secretary of the Treasury of the United States made federal income tax assessments jointly against Si Tae Yu[1] and Jung Hee Yu for tax years 1990, 1991 and 2004, as is further set forth in Paragraph 17 of the Complaint. The United States gave Sie Tae Yu and Jung Hee Yu proper notice and demand for payment of the assessments. They have not fully paid the tax assessments. In 2005, notices of federal tax lien with respect to the assessments were properly filed in the office of the Prothonotary of Montgomery County, Pennsylvania. As of September 1, 2008, the estate of Si Tae Yu and Jung Hee Yu are jointly indebted to the United States in the amount of $254,805 together with statutory additions and interest according to law accruing thereafter.

---

[1] Si Tae Yu died before the filing of this action.

At the time that the income tax assessments were made against him, defendant Si Tae Yu owned a one-half interest in a property housing a grocery store located at 1925 Cheltenham Avenue, Elkins Park, Pennsylvania.[2] He subsequently transferred his one-half interest in the property to the owner of the other half of the property, defendant Joong Hyun Yu. Joong Hyun Hu has stipulated that federal tax liens with respect to the assessments against Si Tae Yu remain attached to the one-half interest in the property at 1925 Cheltenham Avenue that was formerly owned by Si Tae Yu. See Dkt. No. 11.

On October 15, 2009, the United States filed this action against defendants Pil Hyun Yu and Yong Hyun Yu, the administrators of the estate of Si Tae Yu, Jung Hee Yu, Joong Hyun Yu, Commerce Bank, National Association and T.D. Banknorth, National Association[3] seeking enforcement of its tax liens by foreclosure and sale of the property at 1925 Cheltenham Avenue. Defendant T.D. Bank, N.A., as successor to Commerce Bank/Pennsylvania, N.A. holds a first lien mortgage in the amount of $1,150,000 on the property located at 1925 Cheltenham Avenue.[4]

On February 16, 2010, the Court entered a default for failure to appear, plead or otherwise defend against Jung Hee Yu, the administrators of the estate of Si Tae Yu, and the bank defendants. On November 9, 2011, the United States filed the instant motion for summary judgment. On November 18, 2011, Defendant TD Bank N.A., as successor to Commerce

---

[2] The property, identified as Tax Parcel No. 31-00-05698-00-4, is described more particularly in paragraph 24 of the Complaint.

[3] TD Bank N.A., as successor to Commerce Bank/Pennsylvania, N.A., contends that the bank defendants were improperly identified in the Complaint as Commerce Bank, N.A. and T.D. Banknorth, N.A.

[4] Pursuant to 26 U.S.C. § 7403(b), all persons claiming an interest in property that is the subject of an action by the United States to enforce federal tax liens must be made parties.

Bank/Pennsylvania, N.A., filed a motion to strike the default entered against the bank defendants. On December 22, 2011, I granted that motion as unopposed. By letter dated January 19, 2012, counsel for non-defaulting defendant, Joong Hyun Yu, represented that he would not file a response or otherwise oppose the instant motion for summary judgment. TD Bank filed an answer to the Complaint on January 27, 2012. TD Bank has not filed a response to the motion for summary judgment.

## STANDARD OF REVIEW

Although the motion of the United States is unopposed, before entering summary judgment in its favor, I must review the merits of its motion. See Fed. R. Civ. P. 56(c); Blasi v. Attorney Gen., 30 F. Supp. 2d 481, 484 (M.D. Pa.1998) ("[T]he district court may not grant a motion for summary judgment . . . solely because the motion is unopposed; such motions are subject to review for merit.").

The party moving for summary judgment has the burden of demonstrating that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If the movant sustains its burden, the nonmovant must set forth facts demonstrating the existence of a genuine dispute. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. A fact is "material" if it might affect the outcome of the case under governing law. Id. The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against" the movant. Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978) (citations and quotation marks omitted).

To establish "that a fact cannot be or is genuinely disputed," a party must:

> (A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

"If a party fails to properly address another party's assertion of fact as required by Federal Rule of Civil Procedure 56(c), the court may consider the fact undisputed for purposes of the motion, and may grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Bank of Am., N.A. v. Colony Park at Benders Church, LP, No. 09-00705, 2011 WL 925411, at *3 (E.D. Pa. March 17, 2011), citing Fed. R. Civ. P. 56(e)(2) and (3). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## DISCUSSION

Because defendants have not addressed the factual assertions made by the United States, I consider them undisputed for purposes of this motion. Fed. R. Civ. P. 56(e)(2). The United States contends that, based on the undisputed facts, it is entitled to judgment as a matter of law. I agree.

In Count I of its Complaint, the United States asked the Court to reduce to judgment the

1990, 1991 and 2004 federal income tax assessments against Si Tae Yu and Jung Hee Yu.  "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness."  United States v. Fior D'Italia, 536 U.S. 238, 242–43 (2002).  To defeat a motion for summary judgment, "the defendant needs only to establish the existence of a genuine issue of material fact with regard to the validity or correctness of the assessments."  United States v. Jones, 877 F. Supp. 907, 913 (D.N.J. 1995), aff'd 74 F.3d 1228 (3d Cir.1995).  Because Jung Hee Yu and the estate of Si Tae Yu do not dispute the allegations with respect to the tax assessments against them, I will enter judgment in favor of the United States with respect to the claims set forth in Count I.

Upon the assessment of a tax against a taxpayer, a federal tax lien arises and attaches to all property and rights to property of a taxpayer.  26 U.S.C. §§ 6321, 6322.  Because defendants have not disputed the validity of the federal tax liens with respect to the 1990, 1991 and 2004 tax assessments, I will enter a judgment declaring that the liens remain attached against the undivided one-half interest in the real property at 1925 Cheltenham Avenue that was formerly owned by Si Tae Yu and that is now owned by defendant Joong Hyun Yu.

After "there has been a refusal and neglect to pay" an assessment by a taxpayer, the United States may enforce its lien through foreclosure and sale of property.  26 U.S.C. §§ 7403(a), (c).  It is undisputed that there has been a failure to pay the 1990, 1991 and 2004 federal income tax assessments against Si Tae Yu and Jung Hee Yu.  Accordingly, I find that the United States may enforce its liens through sale of the property at 1925 Cheltenham Avenue.

The United States has not asked me to adjudicate the priority of its lien.  Instead, it asks that I order that the proceeds of any sale of the property at 1925 Cheltenham Avenue be

distributed "to the holders of liens against the property superior to the federal tax liens and then . . . that the remaining sales proceeds be divided in half with one half distributed to Joong Hyun Hu, and the other half distributed to the United States." Dkt. No. 1 at 7.  In its answer defendant TD Bank asserts that its mortgage on the real property at 1925 Cheltenham Avenue "is superior in priority to the federal tax liens and/or assessments which the United States seeks to reduce to judgement and/or to foreclose against the subject real property in this action." Dkt. No. 20 at 6-7.  Because TD Bank did not file a response to the United States' motion for summary judgment, I do not have any evidence before me that would allow me to decide the priority of the T.D. Bank mortgage.  Recognizing that defendant T.D. Bank may have a superior lien on the property at 1925 Cheltenham Avenue that is superior to the federal tax liens, I will enter judgment recognizing the prior right of any liens superior to the federal tax liens.

    An appropriate Order follows.