IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | NO. 09-4742 |
| v. | : | |
| | : | |
| PIL HYUN YU and YONG HYUN YU, | : | |
| Administrators of the Estate of Si Tae | : | |
| Yu; JUNG HEE YU; JOONG HYUN | : | |
| YU; COMMERCE BANK, National | : | |
| Association; and T.D. BANKNORTH, | : | |
| National Association | : | |

**MEMORANDUM AND ORDER**

On February 14, 2012, I issued an Order granting a motion for summary judgment filed by plaintiff United States of America. Now before me is a motion for reconsideration of my February 14 Order filed by defendant TD Bank, N.A.[1] For the reasons that follow, I will grant in part and deny in part TD Bank's motion.

In my prior opinion, I found that defendants Jung Hee Yu and the estate of Si Tae Yu are jointly indebted to the United States for certain federal income taxes, statutory additions to tax and interest. I also held that federal tax liens with respect to the assessments described in paragraph 17 of the United States' Complaint remain attached to the undivided one-half interest in the real property at 1925 Cheltenham Avenue, Elkins Park, Pennsylvania that was formerly owned by Si Tae Yu. The United States filed notices of federal tax liens against Si Tae Yu and Jung Hee Yu with the Prothonotary of Montgomery County, Pennsylvania on August 15, 2005

---

[1] TD Bank N.A., as successor to Commerce Bank/Pennsylvania, N.A., contends that the bank defendants were improperly identified in the Complaint as Commerce Bank, N.A. and T.D. Banknorth, N.A.

and December 15, 2005.[2]

I ordered that following a sale of the property at 1925 Cheltenham Avenue, the proceeds of the sale shall be distributed first to reimbursement for the costs of the sale, then to any holders of liens against the property superior to the federal tax liens, and then one half to Joong Hyun Yu and the other half distributed to the United States in satisfaction of the tax debts of Si Tae Yu and Jung Hee Yu described in paragraphs 17 through 22 of the Complaint, up to the full amount of such tax debts, including accrued interest and penalties, with any remainder distributed to Joong Hyun Yu.

TD Bank is the holder of a mortgage on the property at 1925 Cheltenham Avenue in the amount of $1,150,000.  On August 31, 2011, TD Bank filed a mortgage foreclosure action with respect to its mortgage against the property at 1925 Cheltenham Avenue in the Court of Common Pleas, Montgomery County, Pennsylvania.  That action is still pending.  On January 27, 2012 in this action, TD Bank asserted a counterclaim and crossclaims in mortgage foreclosure against the United States and against defendants Jung Hee Yu, Joong Hyun Yu and Pil Hyun Yu and Yong Hyun Yu, Administrators of the Estate of Si Tae Yu.

Although my February 14 Order recognized the prior right of any liens superior to the federal tax liens, it did not establish the priority of TD Bank's mortgage.  Nor did it render a decision with respect to TD Bank's counterclaim and crossclaims.  At the time of my decision, TD Bank had not filed a response to the motion for summary judgment.  In its motion for reconsideration, TD Bank now asks that I enter an order amending my February 14 Order to

---

[2] On July 1, 2011, the United States filed with the Prothonotary of Montgomery County a certificate of release of the federal tax lien reflected in the notice previously filed on December 15, 2005.

reflect that TD Bank's mortgage lien with regard to the real property at 1925 Cheltenham Avenue is superior in priority to the federal tax liens.

I will vacate my February 14th order to the extent that it entered judgment against TD Bank and foreclosed consideration of its counterclaim and crossclaims. I will not, however, grant TD Bank's requested amendment. Instead, I will stay these proceedings pending the resolution of the Montgomery County mortgage foreclosure action as its resolution may well dispose of the remaining claims in this action.

"In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Chartener v. Provident Mutual Life Ins. Co., No. 02-8045, 2003 U.S. Dist. LEXIS 19500, at *3 (E.D. Pa. Oct. 22, 2003), quoting Bechtel Corp. v. Local 215, Laborers' Int'l Union, 544 F.2d 1207, 1214 (3d Cir. 1976).

> The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis, 299 U.S. at 254. Weighing "whether a stay will simplify issues and promote judicial economy," "the balance of harm to the parties" and "the length of the requested stay," I conclude the balance here tips in favor of granting the requested stay pending the outcome of the mortgage foreclosure action. Smithkline Beecham Corp. v. Andrx Pharm. Corp., No. 99-4304, 2004 WL 1615307, at *23-24 (E.D. Pa. Jul. 16, 2004).

AND NOW, this 20th day of March, 2012, upon consideration of defendant TD Bank's

motion for reconsideration and the United States's response in opposition thereto, it is

ORDERED that TD Bank's motion is GRANTED and this Court's Order of February 14, 2012 is

VACATED to the extent that it enters judgment with respect to the counterclaim and crossclaims

asserted by TD Bank.  In all other respects, TD Bank's motion is DENIED.

It is FURTHER ORDERED that TD Bank's counterclaim and crossclaims are STAYED pending resolution of the Complaint in Mortgage Foreclosure filed by TD Bank in the Court of Common Pleas, Montgomery County, Pennsylvania, Docket No. 11-24794.  The parties shall update the Court on the status of the Montgomery County action every six months.


        *s/Thomas N. O'Neill, Jr.*
        THOMAS N. O'NEILL, JR., J.